IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.T., *a minor, by and through his parents and natural guardians, CHUNCHUN TAO and JIE SHAO* | : | CIVIL ACTION |
| v. | : | |
| ACTS RETIREMENT-LIFE COMMUNITIES, INC. | : | NO. 26-4446 |

MEMORANDUM

Bartle, J. September 29, 2026

R.T., a minor, through his parents, has sued his employer defendant ACTS Retirement-Life Communities, Inc. for violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq., "ADA") and the Pennsylvania Human Relations Act (43 Pa. Cons. Stat. § 951, "PHRA"). Before the court is the motion of the defendant to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

I

For present purposes, the Court must accept as true all well-pleaded facts in plaintiff's complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A

Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiff must allege sufficient factual content to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." Twombly, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).

II

The following facts as taken from the complaint and for present purposes are accepted as true.

R.T., a minor, suffers from Autism Spectrum Disorder ("ASD") and Attention Deficit Disorder ("ADHD"). His conditions were known to defendant. Although he originally applied for a server position, he was placed in a busser role as he did not have sufficient communication and social interaction skills.

On November 15, 2024, S.P., a female co-worker[1] promptly told her supervisor that plaintiff had touched her inappropriately. She also reported the incident to the police. The police thereafter closed the matter without any charges.

The next day, November 16, defendant suspended R.T. pending an internal HR investigation. The HR Department conducted a brief interview with him. His parents submitted multiple e-mails to defendant about his unblemished school record and his disabilities, but HR did not incorporate his disabilities into its review of the incident. On November 22, 2024, defendant called R.T. to advise him that his employment was terminated based solely on the female co-worker's account.

R.T., through his parents, appealed his termination but the defendant upheld the termination. In its Appeal Response Letter, defendant stated that R.T. had touched S.P.'s "groin area." In denying R.T.'s request for reconsideration, defendant stated that the touching had occurred in her "vaginal area."

R.T. does not deny the encounter. Rather, the complaint first states that he was unaware of any bodily contact. He then concedes he may have accidently and

1. Defendant, in its brief, states that the female worker was also a minor. The complaint and plaintiff's opposing brief are silent on this point. Out of an abundance of caution, the court is using only her initials.

inadvertently brushed against [S.P.] "as she stood to his right without his notice." He denies "intentionally touching [S.P.] inappropriately at any time" and avers "it remains entirely possible that no physical contact took place at all." He also cites his disability as making any contact accidental and unintentional. Due to his ADS, he pleads he was developmentally delayed and had no clinical or physiological markers of puberty at the time of the alleged incident. Further, as a result of his ADS, he strictly adhered to established rules "making the alleged misconduct inherently contrary to his nature." Finally, he asserts he is a disciplined, rule-abiding minor with an exemplary record at school.

The plaintiff states in ¶ 50 of the complaint, "[o]n November 22, 2024, Defendant called [R.T.] and terminated his employment based solely on [S.P.'s] account, despite the absence of any corroborating evidence." [emphasis added]. In ¶ 63 of the complaint, plaintiff further states, "Defendant failed to take [R.T.'s] disabilities into account during its investigation of [S.P.'s] allegations, despite being fully aware of those disabilities." Plaintiff adds in ¶ 64, "Defendant's failure to account for [R.T.'s] disabilities during the investigation and termination process constitutes disability discrimination in violation of the ADA and the PHRA."

III

To establish a prima facie case under the ADA and PHRA,[2] a plaintiff must show he: (1) is disabled within the meaning of ADA; (2) can perform the essential functions of his job with or without reasonable accommodation; and (3) suffered an adverse employment action as a result of his disability. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). The disability must be a "but-for" cause of plaintiff's termination. CG v. Pa. Dep't of Educ., 734 F.3d 229, 236 n.11 (3d Cir. 2013).

The law does not prevent an employer from discharging an employee for misconduct even if the misconduct is related to his disability. See Jones v. Am. Postal Workers Union, 192 F.3d 417, 429 (4th Cir. 1999); Fullman v. Henderson, 146 F. Supp. 2d 688, 699 (E.D. Pa. 2001), aff'd, 29 F. App'x 100 (3d Cir. 2002). In addition, the fact that the employer knows of employee's disability is insufficient to demonstrate that the disability was the cause of an adverse employment action. Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996).

IV

The defendant argues that the complaint does not contain plausible allegations that defendant discriminated against R.T. because of his disability. Defendant focuses on

2. The ADA and the PHRA are treated the same. Bialko v. Quaker Oats Co., 434 F. App'x 139, 142 n.5 (3d Cir. 2011).

the allegations in the complaint in ¶¶ 63 and 64 that defendant did not consider R.T.'s disabilities in making its decision to terminate him. It also argues that R.T.'s claim is not viable to the extent that he alleges his disability was related to any touching of S.P.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must contain sufficient factual matter to state a claim that is plausible on its face. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S at 678 (2009). It is not enough that the complaint be "merely consistent with a defendant's liability." Id. (internal quotations omitted). In making the plausibility determination, the court is not bound to accept legal conclusions masking as factual allegations. Id. The court's task is content-specific. Id. at 679. The reviewing court must "draw on its judicial experience and common sense." Id.

The complaint avers that S.P., R.T.'s female co-worker, told her supervisor that R.T. had inappropriately touched her. In its formal responses denying R.T.'s appeals of defendant's HR Department, defendant characterized the touching as occurring in her groin or vaginal area. R.T. avers he has no

recall of what happened and never explicitly denies that the encounter took place.

Plaintiff, in opposing the motion to dismiss, argues that disability animus is shown because defendant made its decision to terminate R.T. based on its finding that S.P. was credible and without conducting a complete and fair investigation. Plaintiff emphasizes that there was no corroborating evidence of S.P.'s account of what happened to her, and defendant failed to accept R.T. and his parents' view of the matter. In the type of encounter alleged here, it is not unusual for there not to be any third-party witnesses or corroborating evidence. In this case, S.P. had reported the incident promptly to her employer as well as to the police. Defendant spoke to both R.T. and S.P. before making its decision. Ultimately, defendant believed S.P.

Our Court of Appeals stated in Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994), that the focus must be on whether the employer's decision was motivated by discriminatory animus, not on whether it was wrong, mistaken, wise, shrewd, prudent or competent. Disability discrimination cannot be established simply because defendant's decision to terminate R.T. was wrong or based on insufficient facts. R.T., of course, may have been innocent of any wrongdoing toward S.P., but this lawsuit is not the vehicle to decide on his innocence or S.P.'s credibility.

The question before the court is whether R.T. has stated a claim that defendant discriminated against him because of his disability. The complaint contains only threadbare facts as to a disability claim. It pleads that R.T. had disabilities which were known to the defendant. Our Court of Appeals has made it clear that the fact that defendant knew about an employee's disability is not sufficient to draw an inference that this knowledge influenced defendant's adverse employment decision. Kelly, 94 F.3d at 109.

The plaintiff also pleads that any touching of S.P. may be tied to his ASD. Even if true, an employer is not precluded from discharging an employee even if the disability is related to the misconduct. See Am. Postal Workers Union, 192 F.3d at 429; Fullman, 146F. Supp. 2d at 699.

There is nothing further to support any disability claim. Significantly, plaintiff undermines any possible claim when he concedes in ¶ 50 of the complaint that defendant "terminated [R.T.'s] employment based solely on [S.P.'s] account." [emphasis added]. If the sole reason was S.P.'s account of the incident, defendant's reason for the termination of R.T. could not have been his disability. Plaintiff reiterates the point in ¶¶ 63 and 64 that defendant did not consider his disabilities in making its decision to terminate him. As previously noted, the defendant may have been wrong in

accepting as credible S.P.'s account of her encounter with R.T. and in not undertaking a further investigation, but any wrong decisions in this regard are not relevant in determining if defendant discharged R.T. because of his disability. Fuentes, 32 F.3d at 765.

The statements in the complaint that defendant did not have a legitimate non-discriminatory reason to fire R.T., that R.T.'s disability motivated defendant's decision to take adverse actions against plaintiff, and that the purported reason for defendant's action was pretextual are simply legal conclusions. They must be disregarded in any plausibility analysis. Iqbal, 556 U.S at 678-79.

In reviewing the complaint, the court draws on its judicial experience and its common sense. Id. It is not immured from the real world. While, as the saying goes, anything is possible, plaintiff has not pleaded a plausible claim that his disability was a cause of his losing his job particularly when he admits in the complaint that the sole reason for R.T.'s termination was S.P.'s account of what R.T. did to her. See Drummer v. Trs. of the Univ. of Pa., 286 F. Supp. 3d 674, 682-84 (E.D. Pa. 2017); Michalesko v. Freeland Borough, 18 F. Supp. 3d 609, 625-27 (M.D. Pa. 2014), aff'd sub nom. Michalesko v. Borough, 658 F. App'x 105 (3d Cir. 2016).

Plaintiff has not met the threshold of plausibility as required in Iqbal. 556 U.S. at 678. Accordingly, the motion of defendant to dismiss the complaint will be GRANTED. Any amendment to the complaint would be futile.